1  MICHAEL D. JAY (SBN 223827)
   (michael.jay@wilmerhale.com)
2  WILMER CUTLER PICKERING
      HALE AND DORR LLP
3  350 South Grand Avenue
   Suite 2100
4  Los Angeles, CA 90071
   Telephone:  (213) 443-5317
5  Facsimile:   (213) 443-5400

6  NELS T. LIPPERT (*pro hac vice* to be filed)
   (nels.lippert@wilmerhale.com)
7  JOYCE CHEN (*pro hac vice* to be filed)
   (joyce.chen@wilmerhale.com)
8  WILMER CUTLER PICKERING
      HALE AND DORR LLP
9  399 Park Avenue
   New York, NY 10022
10 Telephone:  (212) 230-8800
   Facsimile:   (212) 230-8888

11
   Attorneys for Defendant
12 BDO REMIT (USA), INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| STICHTING BDO, a Netherlands Corporation | Case No. CV 10-02925-SVW (CWx) |
| Plaintiff, | **ANSWER** |
| v. | |
| BDO REMITTANCE (USA), INC., a California Corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

US1DOCS 7560919v1                                                ANSWER

# ANSWER

Defendant BDO Remit (USA), Inc. ("Remit"), formerly BDO Remittance (USA), Inc., answers the Plaintiff Stichting BDO's ("Stichting") Complaint for Injunctive Relief and Damages (the "Complaint") as follows:

1. Paragraph 1 of the Complaint contains descriptive matter, argument, and conclusions of law to which no response is required. Remit further states that Stichting's Complaint in this action speaks for itself. To the extent that a response is required, Remit denies the allegations of Paragraph 1.

2. Remit admits that Stichting has alleged an action for trademark infringement, false designation of origin, trademark dilution, and unfair competition under federal law and the laws of the State of California. Remit denies that the allegations have merit or are sufficiently pleaded, and otherwise denies the allegations of Paragraph 2.

3. Paragraph 3 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response is required, Remit denies the allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. Remit admits that this Court has jurisdiction over the subject matter of this action and that venue is proper in the Central District of California.

5. Remit admits that it is incorporated in California, that this Court has personal jurisdiction over it, and that venue is proper in this District. Remit denies the remaining allegations of Paragraph 5.

## THE PARTIES

6. Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and therefore denies the allegations of Paragraph 6.

7. Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the allegations of Paragraph 7.

8. Remit admits that it identifies itself as BDO Remit (USA), Inc., and that BDO Remit (USA), Inc. is a corporation organized under the laws of California and a subsidiary of Banco De Oro, a Philippines-based bank. Remit admits that it provides wire transfer services to the Philippines by individuals and companies owned or operated by Filipinos located in the United States. Remit denies the remaining allegations of Paragraph 8.

9. Remit admits the allegations of Paragraph 9 of the Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Remit admits that Stichting has registered the word mark "BDO" (U.S. Trademark Reg. No. 2,699,803), the word and design mark "BDO" (U.S. Trademark

3

Reg. No. 2,699,812), and the word mark "BDO International" (U.S. Trademark Reg. No. 2,699,804).  Remit is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and therefore denies the remaining allegations of Paragraph 10.

11.   Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the allegations of Paragraph 11.

12.   Paragraph 12 of the Complaint contains argument and conclusions of law to which no response is required.  To the extent that a response is required, Remit denies the allegations of Paragraph 12.

13.   Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the allegations of Paragraph 13.

14.   Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the allegations of Paragraph 14.

**DEFENDANT BDO REMITTANCE'S ACTS OF INFRINGEMENT**

15.   Remit admits that it provides wire transfer services to the Philippines by individuals and companies owned or operated by Filipinos located in the United States

and that the name "BDO Remit" is displayed in its own offices.  Remit denies the remaining allegations of Paragraph 15.

16.  Remit admits that BDO Remittance (USA), Inc. filed intent-to-use applications in the United States Patent and Trademark Office for the trademarks referenced in Paragraph 16, and that these applications were based not on actual use of these trademarks in the United States, but on an intent to use these marks for wire transfer services to the Philippines by individuals and companies owned or operated by Filipinos located in the United States.

17.  Remit admits that its intent-to-use application for "BDO" (application serial number 77/765553) was voluntarily abandoned.  Remit denies the remaining allegations of Paragraph 17.

18.  Remit denies the allegations of Paragraph 18 of the Complaint.

19.  Remit denies the allegations of Paragraph 19 of the Complaint.

20.  Remit admits that it has no connection with Stichting and that Stichting has not authorized, licensed, or otherwise consented to the use by Remit of its federally registered trademarks, but denies that any such consent, license, or authorization is required for its specific wire transfer services to the Philippines.

21.  Remit admits that Stichting has made a written demand to Remit, but otherwise denies the allegations of Paragraph 21.

## FIRST CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114

22. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

23. Remit denies the allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response is required, Remit denies the allegations of Paragraph 24.

25. Remit denies the allegations of Paragraph 25 of the Complaint.

26. Remit denies the allegations of Paragraph 26 of the Complaint.

27. Remit denies the allegations of Paragraph 27 of the Complaint.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

28. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

29. Remit denies the allegations of Paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response is required, Remit denies the allegations of Paragraph 30.

31. Remit denies the allegations of Paragraph 31 of the Complaint.

32. Remit denies the allegations of Paragraph 32 of the Complaint.

US1DOCS 7560919v1
ANSWER

33. Remit denies the allegations of Paragraph 33 of the Complaint.

### THIRD CLAIM FOR RELIEF
### STATE TRADEMARK DILUTION UNDER CA. BUS. & PROF. CODE § 14330

34. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

35. Remit is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and therefore denies the allegations of Paragraph 35.

36. Paragraph 36 of the Complaint contains argument and conclusions of law to which no response is required. To the extent that a response is required, Remit denies the allegations of Paragraph 36.

37. Remit denies the allegations of Paragraph 37 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### STATE UNFAIR COMPETITION UNDER CA. BUS. & PROF. CODE § 17200

38. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

39. Remit denies the allegations of Paragraph 39 of the Complaint.

40. Remit denies the allegations of Paragraph 40 of the Complaint.

41. Remit denies the allegations of Paragraph 41 of the Complaint.

42. Remit denies the allegations of Paragraph 42 of the Complaint.

# FIFTH CLAIM FOR RELIEF
# COMMON LAW TRADEMARK INFRINGEMENT

43. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

44. Remit denies the allegations of Paragraph 44 of the Complaint.

45. Remit denies the allegations of Paragraph 45 of the Complaint.

46. Remit denies the allegations of Paragraph 46 of the Complaint.

# SIXTH CLAIM FOR RELIEF
# COMMON LAW UNFAIR COMPETITION

47. Remit incorporates by reference its answers to the averments of Paragraphs 1 through 21 as if fully set forth herein.

48. Remit denies that it uses "BDO," "BDO Remittance," and "BDO Remittance (USA), Inc.," and further denies the remaining allegations of Paragraph 48 of the Complaint.

49. Remit denies the allegations of Paragraph 49 of the Complaint.

50. Remit denies the allegations of Paragraph 50 of the Complaint.

51. Remit denies the allegations of Paragraph 51 of the Complaint.

52. Remit denies the allegations of Paragraph 52 of the Complaint.

# AFFIRMATIVE DEFENSES

Remit states the following separate and distinct affirmative defenses to the allegations in the Complaint, without assuming the burden of proof where such burden

is otherwise of Plaintiff as a matter of applicable substantive and procedural law. Remit reserves the right to supplement or amend these defenses.

### FIRST AFFIRMATIVE DEFENSE

Stichting's claims against Remit must be dismissed because Stichting fails to state a claim upon which relief can be granted.  All claims against Remit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Stichting's claims are barred, in whole or in part, by the equitable doctrine of acquiescence in trademark law.

### THIRD AFFIRMATIVE DEFENSE

Stichting's claims are barred, in whole or in part, by the equitable doctrine of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

There is no legal or factual basis for awarding increased, exemplary, punitive damages or attorneys' fees and any award of increased, exemplary or punitive damages would be a denial of substantive and procedural due process as guaranteed by the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Remit demands judgment in its favor dismissing the Complaint in its entirety, awarding to Remit the costs and disbursements incurred in defending this action, and granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant Remit hereby demands a trial by jury on all issues so triable.

Dated:  June 2, 2010                                WILMER CUTLER PICKERING
                                                                        HALE AND DORR LLP


By: /s/ Michael D. Jay
       Michael D. Jay

Attorneys for Defendants
  BDO REMITTANCE (USA), INC.